JOHN A. MONTGOMERY v. E. J. BROWN ET AL.

(No. 1684, Op. Book No. 3, p. 756.)

</div>

<div align="right">

1 w 755
§ 1303
2 w 382
2 w 413

</div>

APPEAL from Hays County. Opinion by WATTS, J.

§ **1303.** *Separate property of wife; mutations of.* It matters not how many mutations the separate money of the wife may have undergone; how often it has been invested in personal or real property; how often it has been loaned, collected and reinvested; as long as the substance thereof can be traced and identified as the result of the money, it is her separate property.

§ **1304.** *Married women; right to own property.* The law imposes no restrictions upon the right of the wife to own property. Her right in this respect, in this state, is as absolute as that of her husband. And it is a mistaken

idea to suppose that every transaction between husband and wife, with respect to property, must be denounced as fraudulent.

§ **1305.** *Homestead; proceeds of sale of.*  Creditors have no interest in the homestead of a debtor, and any agreement made between husband wife with respect to the proceeds of the sale of the same, which did not affect other property subject to execution, would be valid as against creditors.

Affirmed.